UNITED STATES COURT DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DANIELLE MACK, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SIX FLAGS GREAT ADVENTURE, LLC, and SIX FLAGS ENTERTAINMENT CORPORATION,<br><br>Defendants. | Civ. No.: 3:23-cv-3813<br><br>ECF Case<br><br>**NOTICE OF REMOVAL**<br><br>[Removed from Superior Court of New Jersey, Law Division, Ocean County, Docket No.: OCN-L-1222-23] |

**PLEASE TAKE NOTICE** that Defendant SIX FLAGS GREAT ADVENTURE, LLC ("SFGA"), and SIX FLAGS ENTERTAINMENT CORPORATION (collectively with SFGA, "Defendants"), by and through their undersigned counsel, pursuant to 28 U.S.C. §§ 185(a), 1331, 1441, and 1446, hereby gives notice of the removal of this action from the Superior Court of New Jersey, Ocean County (Docket No.: OCN-L-1222-23), where it originally was filed and currently is pending, to the United States District Court for the District of New Jersey.

Defendants state the following in support of removal:

### BACKGROUND

1. On or about May 25, 2023, plaintiff Danielle Mack ("Plaintiff"), initiated this putative class action against Defendants by filing a Summons and Complaint in the Superior Court of New Jersey, Ocean County. A copy of Plaintiff's Class Action Complaint and Demand for Jury Trial ("Complaint" or "Compl.") is attached hereto as **Exhibit A**.[1]

---

[1] Plaintiff previously filed a similar putative class action in the United States District Court for the District of New Jersey on or about October 26, 2022 (Case No. 3:22-cv-06292-MAS-DEA), which Plaintiff voluntarily dismissed without prejudice on January 27, 2023.

2. Plaintiff brings this action on behalf of herself and further seeks to represent a putative class consisting of "[a]ll current and former employees of Defendants who were employed as hourly, non-exempt workers at the Six Flags Great Adventure amusement park at any time since October 26, 2016 through the date of final judgment in this matter" (the "Putative Class"). (Compl. ¶ 19.)

3. In the Complaint, Plaintiff alleges, on behalf of herself and the Putative Class, that "[b]efore clocking in at the beginning of their shifts, Defendants required Plaintiff and all other hourly employees to undergo security screenings and then walk long distances across the 510-acre premises of the amusement park to the location of the time clocks." (Compl. ¶ 3.)

4. Plaintiff further alleges, on behalf of herself and the Putative Class, that "Defendants required Plaintiff and other class members to enter its Great Adventure amusement park at its main entrance, undergo security screenings, and then walk long distances, usually for 5 to 20 minutes, to their assigned work location at which point they could finally clock in to start getting paid." (Compl. ¶ 13.)

5. A substantial portion of the Putative Class, including Plaintiff, are members of the Service Trades Council Union (the "Union"). Their employment is governed by the terms and conditions of a collective bargaining agreement (the "CBA") entered into between the Union and SFGA. A true and correct copy of the CBA is attached hereto as **Exhibit B**.

6. Under the CBA, the Union is the "sole and exclusive collective bargaining representative of all [Great Adventure] service and maintenance employees," including Plaintiff. (Ex. B, Art. 3 at § 3.1.) The CBA controls employee wage rates (*id.*, Art. 12); establishes the regular pay schedule, workhours, and overtime rates (*id.*, Art. 10, 11); and governs work

assignments (*id.*, Art. 15); standards of conduct (*id.*, Art. 17); holidays and vacation (*id.*, Art. 19, 20), and various types of leave available to employees (*id.*, Art. 16, 21, 29), among other terms.

7. Article 10 of the CBA, titled "Hours of Work," defines the applicable workweek (*id.*, Art. 10 at § 10.1), provides for minimum guaranteed pay in certain circumstances (*id.*, Art. 10 at §§ 10.4, 10.8), sets anticipated work hours and schedules (*id.*, Art. 10 at §§ 10.4, 10.5), and contains provisions regarding compensation for "dress and travel time" (*id.*, Art. 10 at § 10.6) and break times (*id.*, Art. 10 at § 10.7). With respect to dress and travel time, the CBA provides that all full-time employees receive "fifteen (15) minutes [of] paid dress and travel time." (*Id.*, Art. 10 at § 10.6.)

8. The CBA has a grievance and arbitration procedure in place to resolve grievances, defined as any "dispute or difference of opinion between the parties concerning the meaning, interpretation, application or alleged violation by the Company" of the CBA. (*Id.*, Art. 18 at § 18.1.) The CBA states that it was intended "to put into practice effective and binding methods for the settlement of all misunderstandings, disputes or grievances that may arise . . . ." (*Id.*, Art. 2.) The grievance and arbitration procedure follows a multi-step process, including informal attempts to resolve a dispute, and ultimately culminating in mandatory arbitration. (*Id.*, Art. 18 at § 18.2.)

## GROUNDS FOR REMOVAL

### I. Removal Is Appropriate Pursuant to Section 301 of the LMRA.

9. This Court has original jurisdiction over this action pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), codified in relevant part at 28 U.S.C. § 185(a). Under Section 301 of the LMRA, a federal district court has ***exclusive jurisdiction*** over "[s]uits for violation of contracts between an employer and a labor organization." *Id*. In interpreting the LMRA's preemptive effect, the United States Supreme Court has held "that when resolution of a state-law claim is substantially dependent upon analysis of the terms of an agreement made

3

between the parties in a labor contract, that claim must either be treated as a § 301 claim or dismissed as pre-empted by federal labor-contract law." *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 220 (1985) (internal citations omitted).  Further, the Third Circuit has made clear that "claims based squarely on a collective bargaining agreement or requiring analysis of its terms are preempted by section 301 and are removable to the federal courts." *Screen Actors Guild-Amer. Fed. of Television and Radio v. Sheridan Broadcasting Networks*, 841 Fed. Appx. 369, 374 (3d Cir. 2020) (quoting *Antol v. Esposito*, 100 F.3d 1111, 1117 (3d Cir. 1996)).

10. To effectuate removal, Defendants need only submit a "short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), which is satisfied by setting forth a plausible allegation of the relevant jurisdictional facts. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).  A defendant need not propound evidence establishing jurisdictional facts with its notice of removal.  *Id*.

11. Here, both Plaintiff and a substantial portion of the Putative Class are current or former members of the Union.  As members of the Union, Plaintiff and the covered members of the Putative Class were and continue to be subject to the CBA, which outlines the terms of their employment, including but not limited to what time is and is not compensable.  (*See* Ex. B, Art. 10).

12. Count I of the Complaint alleges claims under the New Jersey Wage and Hour Law ("NJWHL"). (Compl. ¶¶ 22-28.)  Specifically, Plaintiff contends that she and the members of the Putative Class (as defined in the Complaint) are entitled to recovery under the NJWHL for Defendants' purported failure to pay Plaintiff and the members of the Putative Class for time spent undergoing security screenings and for the walking time before and after the security screenings.

13. Because Plaintiff's claims necessarily depend on interpreting the terms and provisions of the CBA, as well as the parties' historical course of dealing regarding matters relating to compensable and non-compensable time, such claims are completely preempted by Section 301 of the LMRA and can properly be removed to federal court. *See, e.g.*, *Johnson v. Langer Transp. Corp.*, 2015 U.S. Dist. LEXIS 62604, at *11-12 (D.N.J. May 13, 2015) (NJWHL claims preempted by LMRA "because such claims, at their core, require an analysis and interpretation of the CBA and, therefore, are preempted by the CBA").

14. The bases for removal pursuant to Section 301 of the LMRA have been demonstrated, *supra*. If any questions arise as to the propriety of the removal of this action on any of these bases, Defendants request the opportunity to present a brief, oral argument, and further evidence as necessary in support of its position that this case is removable to this Court.

## II.    All Procedural Requirements for Removal Have Been Satisfied.

15. Defendant Six Flags Entertainment Corporation was served with the Summons and Complaint on June 15, 2023, while Defendant SFGA was served with the Summons and Complaint on June 26, 2023.[2] Therefore, this Notice of Removal has been timely filed pursuant to 28 U.S.C. § 1446(b) because Defendants filed it within thirty (30) days of receipt of the initial pleadings through service or otherwise.

16. Because Defendants are the only defendants in this action, no other defendant is required to consent to this removal.

17. Pursuant to 28 U.S.C. § 1441(a), assignment to the United States District Court for the District of New Jersey is proper because Plaintiffs filed this action in the Superior Court of New Jersey, Ocean County.

---

[2] Copies of the Affidavits of Service filed with the Superior Court of New Jersey are attached hereto as **Exhibit C**.

5

18. In accordance with 28 U.S.C. § 1446(a), a copy of "all process, pleadings, and orders" served on or received by Defendants in this action are attached as part of **Exhibit A**.

19. Upon the filing of this Notice of Removal in the United States District Court for the District of New Jersey, written notice of removal will be given to Plaintiff. Defendants will promptly serve on Plaintiffs and file with the Superior Court of New Jersey, Ocean County, a Notice of Filing of Notice of Removal to Federal Court, as required by 28 U.S.C. § 1446(d). A copy of the Notice to the Superior Court of New Jersey, Ocean County, without exhibits, is attached hereto as **Exhibit D**.

## RESERVATION OF RIGHTS

20. This Notice of Removal is filed subject to and with full reservation of all rights and defenses under federal or state law, including but not limited to defenses and objections to forum, venue, improper service and personal jurisdiction. No admissions are intended hereby as to the propriety of liability or damages with respect to any aspect of this case. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim for relief or have any merit, or that Plaintiff is entitled to or otherwise may recover any of the amounts described above.

**WHEREFORE**, Defendants respectfully request that the above action, now pending before the Superior Court of New Jersey, Ocean County, be removed to the United States District Court for the District of New Jersey, and that no further proceedings be had in this case in the Superior Court of New Jersey, Ocean County.

| | |
|---|---|
| Dated: New York, New York<br>July 17, 2023 | Respectfully submitted,<br><br>**DLA PIPER LLP (US)**<br><br>By: _____<br>　　GARRETT D. KENNEDY<br><br>Garrett D. Kennedy, Esq.<br>1251 Avenue of the Americas, 27th Floor<br>New York, New York 10020<br>Tel. (212) 335-4500<br>Fax (212) 335-4501<br>garrett.kennedy@dlapiper.com<br><br>*Attorneys for Defendants Six Flags Entertainment Corporation and Six Flags Great Adventure, LLC d/b/a Great Adventure* |